

| | THE CITY OF NEW YORK | |
|---|---|---|
| MICHAEL A. CARDOZO<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | ALEXANDRA CORSI<br>Assistant Corporation Counsel<br>phone: (212) 788-1090<br>fax: (212) 788-9776<br>email: acorsi@law.nyc.gov |

June 22, 2010

BY ECF
Honorable Lois Bloom
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

*[Handwritten: Plaintiff is ordered to sign the releases sent to her by defendants' counsel on 6/22/10. The Court grants defendants an extension of time, until 8/6/10, to respond to the Complaint.*

*So Ordered: S/Judge Bloom*
*Lois Bloom*
*U.S. Magistrate Judge*
*6/26/10]*

Re:  Sialeu v. City of New York, et al., 10 CV 1723 (JBW) (LB)

Dear Magistrate Judge Bloom:

I am the Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department assigned to the above-referenced matter. I write to respectfully request (1) that the Court compel plaintiff to produce to this office the properly executed criminal records release pursuant to NYCPL §160.50 and the properly executed HIPPA compliant medical release by a date certain; and (2) to respectfully request that the defendants' time to answer or otherwise respond to the complaint be extended until thirty (30) days after this office receives the properly executed releases from plaintiff. The defendants' answer is currently due on June 28, 2010.

By way of background, the complaint alleges, inter alia, that plaintiff Julienne Sialeu was falsely arrested, imprisoned, subjected to excessive force, and maliciously prosecuted. By letter dated May 12, 2010, defendant City of New York requested a 60-day enlargement of time, until July 12, 2010, to answer the complaint. By Order dated May 13, 2010, this Court granted defendants' an extension of time for 30-days, until June 14, 2010, to respond to the complaint. On May 11, 2010, this office forwarded to plaintiff a "Designation of Agent for Access to Sealed Records Pursuant to NYCPL §160.50(1)(d)" ("§160.50 release") and a medical record release pursuant to HIPAA so that the records pertaining to plaintiff's purported arrest and medical treatment could be accessed.

On or about May 26, 2010, this office received a signed §160.50 release and a signed medical records release from plaintiff as pertaining to this case. By Order dated June 8, 2010

defendants were granted an additional two weeks until June 28, 2010 to respond to the complaint. With regard to the §160.50 release, shortly after May 26, 2010, this office sent out the §160.50 release for processing. However, on or about June 18, 2010, I was notified by a New York City Police Department liaison that the arrest number provided by plaintiff on the release was in fact the incorrect arrest number, and therefore the records cannot be accessed. As Your Honor is aware, defendant City cannot access general police records or any other records from the various entities until it receives the properly executed releases from plaintiff.

Furthermore, the medical record release that was returned to the undersigned on or about May 26, 2010 was improperly executed because plaintiff failed to indicate the name of the medical provider from whom she received treatment. On May 28, 2010, the undersigned contacted plaintiff by letter notifying her of the problem with the medical record release and enclosed a new medical record release for proper execution. On or about June 4, 2010, the parties conferred regarding the medical records release issue, and plaintiff indicated to the undersigned that she would return a properly executed medical records release. To date, this office has not received a second executed medical record release.

Today, June 22, 2010, this office sent plaintiff a letter enclosing the §160.50 and medical record releases. Because this office was able to ascertain the proper arrest number for plaintiff's January 24, 2009 arrest, the undersigned noted the arrest number on the release. For the Court's convenience, a copy of the letter and releases are enclosed. Once this office receives the properly executed §160.50 and medical record releases, we will request the documents from the various entities. Thereafter, it generally takes some weeks to access and forward the requested documents to this office. Accordingly, the additional time will enable defendant City to secure the relevant documents, properly assess the case, and respond to the complaint.

Therefore, I write to respectfully request (1) that plaintiff be compelled to provide this office with the properly executed releases by a date certain; and (2) that defendant City be granted thirty days from receipt of the releases to answer or otherwise respond to the complaint.

Thank you for your consideration in this regard.

Respectfully submitted,

Alexandra Corsi
Assistant Corporation Counsel
Special Federal Litigation Division

cc: BY MAIL
Julienne Sialeu
Plaintiff *Pro Se*
1021 Union Street
Brooklyn, New York 11226

<u>BY MAIL</u>
Ms. Julienne Sialeu
PO Box 260085
Brooklyn, NY 11225-0085